UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11
:
Penton Business Media Holdings, Inc., et al.,[1] : Case No. 10-10689 (AJG)
:
    Debtors : (Jointly Administered)
:
---------------------------------------------------------------x

# DECLARATION OF WILLIAM R. SHAW IN SUPPORT OF CONFIRMATION OF THE FIRST AMENDED JOINT PREPACKAGED PLAN OF REORGANIZATION OF PENTON BUSINESS MEDIA HOLDINGS, INC. AND ITS DEBTOR SUBSIDIARIES

William R. Shaw, declares and states:

1. I am a managing director of Rothschild, Inc. ("Rothschild"), investment banker and financial advisor to the Debtors.

2. I submit this Declaration in support of confirmation of the First Amended Joint Prepackaged Plan of Reorganization of Penton Business Media Holdings, Inc. and its Debtor Subsidiaries, dated February 4, 2010 (as it may be amended and modified, the "Plan").[2] I am familiar with the terms and provisions of the Plan and related disclosure statement. I have been advised of the requirements for confirmation of the Plan under section 1129 of the Bankruptcy Code by the Debtors' legal advisors.

3. If called upon, I would testify competently to the facts set forth in this Declaration.

---

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Penton Business Media Holdings, Inc. (9837); Penton Media, Inc. (5386); Penton Business Media, Inc. (1277); Duke Communications International, Inc. (7904); Duke Investments, Inc. (2160); DVGM & Associates (5363); Internet World Media, Inc. (5519); Penton Business Media Internet, Inc. (8290); and Penton Business Media Publications, Inc. (8292).

[2] Capitalized terms and phrases not otherwise defined herein have the meanings given to them in the Plan.

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge and information concerning the operations of the Debtors, and upon information supplied to me by the Debtors and their advisors.

5. Based upon my personal involvement in the plan process in these cases and my discussions with the Debtors' advisors, I believe that the Plan complies with the applicable provisions of the Bankruptcy Code.

### Rothschild's Qualifications

6. Rothschild has extensive experience in providing high quality investment banking and financial advisory services to debtors and creditors in chapter 11 cases and other restructurings.

7. Rothschild is a member of one of the world's leading independent investment banking groups, with more than forty (40) offices in more than thirty (30) countries, including an office located at 1251 Avenue of the Americas, New York, New York 10020. Rothschild has expertise in domestic and cross-border restructurings, mergers and acquisitions, new capital raises and other financial advisory services, and with particular experience in providing high-quality financial advisory services to financially troubled companies. Rothschild is an experienced bankruptcy and restructuring advisor to debtors, bondholders, creditors' committees, single creditor classes and secured creditors in a variety of industries. Rothschild is highly qualified to advise on strategic alternatives and its professionals have extensive experience in deals involving complex financial and operating restructurings. Moreover, Rothschild is a member of the Financial Industry Regulatory Authority and the Securities Investor Protection Corporation.

8. Rothschild and its professionals have extensive experience working with financially troubled companies from a variety of industries in complex financial restructurings, both out-of-court and in chapter 11 cases. Rothschild's business reorganization professionals have served as financial advisor and investment banker and strategic advisors in numerous cases, including, among others: In re Trident Resources Corp., Case No. 09-13150 (MFW) (Bankr. January 28, 2010); In re Fairpoint Communications, Inc., Case No. 09-16335 (BRL) (Bankr. S.D.N.Y. Jan. 11, 2010); In re MIG, Inc., Case No. 09-12118 (KG) (Bankr. D. Del. Sept. 4, 2009); In re Sea Launch Co., LLC, Case No. 09-12153 (BLS) (Bankr. D. Del. Aug. 8, 2009); In re Visteon Corp., Case No. 09-11786 (CSS) (Bankr. D. Del. July 1, 2009); In re Sun-Times Media Group, Inc., Case No. 09-11092 (CSS) (Bankr. D. Del. May 11, 2009); In re Tronox Inc., Case No. 09-10156 (ALG) (Bankr. D. Del. Apr. 7, 2009); In re PPI Holdings, Inc., Case No. 08-13289 (KG) (Bankr. D. Del. Feb. 4, 2009); In re Recycled Paper Greetings Inc., Case No. 09-10002 (KG) (Bankr. D. Del. Jan. 2, 2009); In re Milacron Inc., Case No. 09-11235 (JVA) (Bankr. S.D. Ohio Apr. 6, 2009); In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008); In re VeraSun Energy Corp., Case No. 08-12606 (BLS) (Bankr. D. Del. Oct. 31, 2008); In re Motor Coach Industries International, Inc., Case No. 08-12136 (BLS) (Bankr. D. Del. Sept. 15, 2008); In re BHM Technologies, Case No. 08-04413 (SWD) (Bankr. W.D. Mich. May 19, 2008); In re Hilex Poly Co. LLC, Case No. 08-10890 (KJC) (Bankr. D. Del. May 6, 2008); In re Werner Holding Co. (DE), Inc., Case No. 06-10578 (KJC) (Bankr. D. Del. June 12, 2006); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Nov. 30, 2005); In re Northwest Airlines Corp., Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 14, 2005); In re Solutia Inc., Case No. 03-17949 (PCB) (Bankr. S.D.N.Y. Mar. 11, 2005); In re Int'l Wire, Case No. 04-11991 (BRL) (Bankr. S.D.N.Y. July 1, 2004); In re

James River Coal Co., Case No. 03-04095 (MFH) (Bankr. M.D. Tenn. May 23, 2003); In re Superior TeleCom Inc., et al., Case No. 03-10607 (KJC) (Bankr. D. Del. Apr. 10, 2003); In re WestPoint Stevens, Inc., Case No. 03-13532 (RDD) (Bankr. S.D.N.Y. June 6, 2003); In re UAL Corp., Case No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002); In re Viasystems Group, Inc., Case No. 02-14867 (ALG) (Bankr. S.D.N.Y. Nov. 21, 2002); In re Guilford Mills, Inc., Case No. 02-40667 (BRL) (Bankr. S.D.N.Y. June 26, 2002).

9. My duties as managing director with respect to Rothschild's engagement to represent the Debtors includes, among other things, (i) assisting management in developing a long-range business plan, (ii) conducting extensive meetings and negotiations with the various parties in interest, (iii) facilitating extensive diligence for the various parties in interest, (iv) developing and negotiating the Plan, (v) assisting in developing a communications plan and (vi) providing additional financial advisory and investment banking services.

**FEASIBILITY AND BEST INTEREST OF CREDITORS**

10. In connection with the formulation of the Plan, the Debtors requested that Rothschild assist the Debtors in preparing a liquidation analysis to determine whether the holders of impaired Claims in Classes 2, 3, 4, 9 or 10 would receive or retain value under the Plan that is at least equal to the amount that such holders would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code (the "Liquidation Analysis"). The Liquidation Analysis thus was requested specifically to determine whether the Plan complies with the "best interests" test set forth in section 1129(a)(7) of the Bankruptcy Code. Rothschild reviewed and provided support in the preparation of the Liquidation Analysis. As such, I am familiar with the methods used, and the conclusions reached, in the Liquidation Analysis.

11. Under the Plan, the only impaired, nonaccepting Class is Class 9. Moreover, Class 2 did not vote unanimously to accept the Plan. Classes 3 and 4 voted

unanimously in favor of the Plan, and all holders of Claims in Classes 3 and 4 voted on the Plan. Moreover, holders of Interests in Class 10 are deemed to have accepted the Plan. Consequently, the Plan must only satisfy the best interests test as to the non-accepting holders of Claims and Interests in Classes 2 and 9. As illustrated in the Liquidation Analysis attached to the Disclosure Statement as Exhibit II, holders of Interests in Class 9 would receive no consideration on account of their Interests in a chapter 7 liquidation. Thus, under the Plan, holders of Interests in Class 9 will receive at least as much as they would have received in a chapter 7 liquidation. Additionally, as shown in the Liquidation Analysis, holders of Class 2 Claims would recover between 5.7% and 13.4% in a chapter 7 liquidation. Thus, holders of Class 2 Claims, who will receive 100% recoveries under the Plan, will also receive more under the Plan than they would in a chapter 7 liquidation.

12. Based on the foregoing analysis, it is my belief that no dissenting holder of an impaired Claim or Interest will receive less under the Plan than it would receive in a chapter 7 liquidation of the Debtors' assets. As a result, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

13. In addition to the work performed on the Liquidation Analysis, Rothschild worked closely with the company in creating the Projected Financial Information report attached as Exhibit III to the Disclosure Statement (the "Projections"). As illustrated in the Projections, after giving effect to the Rights Offering, the Debtors will have sufficient liquidity to fund distributions under the Plan and to satisfy their operating expenses in the near-term. Moreover, the Projections further illustrate that over the coming years the Debtors will be able to fund operating expenses and debt service requirements from their cash flows and liquidity provided from the transactions contemplated by the Plan. Based upon my review of the Projections, and

the assumptions contained therein, I am of the opinion that, as of the occurrence of the Effective Date, and after taking into account the transactions contemplated by the Plan, (i) confirmation of the Plan is not likely to be followed by the liquidation of the Reorganized Debtors or by the need for a further reorganization of the Reorganized Debtors and (ii) the Plan is therefore feasible.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 4, 2010.

*[signature]*
William R. Shaw

CHI-1742545