**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :    Chapter 11
                                         :
Penton Business Media Holdings, Inc., et al.,[1] :  Case No. 10-10689 (AJG)
                                         :
               Debtors                   :    (Jointly Administered)
                                         :
------------------------------------------------------------x
```

## ORDER AUTHORIZING THE DEBTORS
## TO EMPLOY AND RETAIN ROTHSCHILD INC. AS FINANCIAL ADVISOR
## AND INVESTMENT BANKER *NUNC PRO TUNC* AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to sections 327 and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the Debtors to employ and retain Rothschild Inc. ("Rothschild") as their financial advisor and investment banker effective nunc pro tunc to February 10, 2010 (the "Petition Date"), pursuant to the terms of the engagement letter between the Debtors and Rothschild, dated as of August 1, 2009 (the "Engagement Letter"), including the indemnification provisions contained

---

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Penton Business Media Holdings, Inc. (9837); Penton Media, Inc. (5386); Penton Business Media, Inc. (1277); Duke Communications International, Inc. (7904); Duke Investments, Inc. (2160); DVGM & Associates (5363); Internet World Media, Inc. (5519); Penton Business Media Internet, Inc. (8290); and Penton Business Media Publications, Inc. (8292).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application or the Augustine Declaration.

CHI-1742997

in Exhibit A thereto), attached to this Order as <u>Exhibit 1</u>; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C § 157(b); and venue being proper before this Court pursuant to 28 U.S.C § 1408 and 1409; and the Court being satisfied that notice of the Application and opportunity for a hearing on the Application was appropriate under the particular circumstances and that no other or further notice need be provided; and the Court having reviewed the Application and determined that the employment of Rothschild by the Debtors is necessary and in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the terms of the Engagement Letter are reasonable terms for purposes of section 328(a) of the Bankruptcy Code; and the Court having considered the declaration of Neil A. Augustine, a Managing Director of Rothschild (the "<u>Augustine Declaration</u>") filed in support of the Application; and the Court being satisfied that Rothschild neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; and the Court having determined that Rothschild is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore;

       IT IS HEREBY FOUND THAT:

1. The Application is granted as set forth herein, <u>nunc pro tunc</u> to the Petition Date.

2. The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain Rothschild as their financial advisor and investment banker in accordance with the terms and conditions set forth in the Engagement Letter, effective nunc pro tunc.

3. All of Rothschild's compensation set forth in the Engagement Letter, including, without limitation, the Monthly Fee, the Recapitalization Fee, the Credit Facility Amendment Fee and the New Capital Fee, is approved pursuant to section 328(a) of the Bankruptcy Code and Rothschild shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; provided however, that upon the effectiveness of the Debtors' First Amended Joint Prepackaged Plan of Reorganization the Debtors shall be authorized to pay any compensation earned by Rothschild pursuant to the terms of the Engagement Letter.

4. None of the fees payable to Rothschild shall constitute a "bonus" or fee enhancement under applicable law.

5. The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

6. Rothschild shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering

services on behalf of the Debtors in one-half hour increments, but Rothschild shall be excused from keeping time in one-tenth of an hour increments.

7. Rothschild is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

8. In the event Rothschild seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Rothschild's own application and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code.

9. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and hold harmless Rothschild and its affiliates, counsel and other professional advisors, and the respective directors, officers, controlling persons, agents and employees of each of the foregoing (collectively, the "Indemnified Persons"), pursuant to the Engagement Letter and, during the pendency of these chapter 11 cases, subject to the following conditions:

    (a) All requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has resulted

4

from the gross negligence, willful misconduct or fraud on the part of that or any other Indemnified Person; and

(b) In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors, their estates or the official committee of unsecured creditors assert a claim, to the extent that the Court determines by final order that such claim resulted from the gross negligence, willful misconduct or fraud on the part of that or any other Indemnified Person.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

12. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

13. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: March 5, 2010
      New York, New York

**s/Arthur J. Gonzalez**
CHIEF UNITED STATES BANKRUPTCY JUDGE