**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                     :

In re                                          :     Chapter 11
                                                   :

Penton Business Media Holdings, Inc., *et al.*,[1]   :     Case No. 10-10689 (AJG)
                                                   :

                       Debtors             :     (Jointly Administered)
                                                   :
---------------------------------------------------------------x

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING
THE FIRST AMENDED JOINT PREPACKAGED PLAN OF
REORGANIZATION OF PENTON BUSINESS MEDIA HOLDINGS, INC.
AND ITS DEBTOR SUBSIDIARIES; AND (II) PLAN EFFECTIVE DATE**

        PLEASE TAKE NOTICE OF THE FOLLOWING:

        **1.**        **Confirmation of the Plan.** On March 5, 2010, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the First Amended Joint Prepackaged Plan of Reorganization of Penton Business Media Holdings, Inc. and Its Debtor Subsidiaries, dated February 4, 2010 (the "Plan"), in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order. Copies of the Plan and the Confirmation Order may be obtained free of charge at www.kccllc.net/Penton.

        **2.**        **Cancellation of 341 Meeting.** Pursuant to paragraph 35 of the Confirmation Order, the meeting pursuant to section 341 of the Bankruptcy Code previously scheduled for March 29, 2010, at 2:30 p.m. (ET) has been cancelled.

        **3.**        **Effective Date.** Pursuant to the Confirmation Order, the Plan became effective in accordance with its terms on March 10, 2010 (the "Effective Date").

        **4.**        **Discharge of Claims.** Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan are in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date, including any interest accrued on Claims from and after the

---

[1]     The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Penton Business Media Holdings, Inc. (9837); Penton Media, Inc. (5386); Penton Business Media, Inc. (1277); Duke Communications International, Inc. (7904); Duke Investments, Inc. (2160); DVGM & Associates (5363); Internet World Media, Inc. (5519); Penton Business Media Internet, Inc. (8290); and Penton Business Media Publications, Inc. (8292).

Petition Date. From and after the Effective Date, the Debtors have been discharged from any and all Claims that arose prior to the Effective Date, subject to the obligations of the Debtors under the Plan.

     **5.**     **General Releases by the Debtors.** As of the Effective Date the Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all entities who may purport to claim by, through, for or because of them have forever released, waived and discharged all Liabilities that they have, or had against any Released Party except with respect to any obligations arising under the Plan. Furthermore, notwithstanding the foregoing, such release, waiver and discharge shall not operate as a release, waiver or discharge of (i) any Released Party in respect of any express contractual obligation of any such Released Party in effect following substantial consummation of the Plan or (ii) solely in the case of Released Parties that are directors, officers and employees of the Debtors, intentional fraud or theft; it being understood that prospective or forward-looking guidance or projections prepared or released by such parties shall be deemed not to constitute intentional fraud or theft.

     "Released Parties" means, collectively and individually, the Debtors' Representatives, the Creditors' Committee (if any) and its members (solely in their capacity as such), the First Lien Parties, the Second Lien Parties, LLC, the LLC Shareholders, counterparties to an executed Interest Rate Hedge Waiver and the Representatives of each of the foregoing (in each instance, solely in their capacities as such).

     "Representatives" means, with respect to any entity, any officer, director, affiliate, subsidiary, attorney, advisor, investment banker, financial advisor, accountant or other professional of such entity, in each case in such capacity; <u>provided</u>, <u>however</u>, that with respect to the Debtors only, the foregoing applies to only those "Representatives" serving on or after the Petition Date.

     **6.**     **General Releases by Holders of Claims or Interests.** As of the Effective Date, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Plan and the cash, contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each holder of a Claim or Interest (solely in its capacity as such) that voted in favor of the Plan, to the fullest extent permissible under law, is deemed to have forever released, waived and discharged all Liabilities in any way relating to a Debtor, the Chapter 11 Cases, the Estates, the Plan, the exhibits to the Plan, the Disclosure Statement, the First Lien Loan Documents, the Second Lien Loan Documents, or the Secured Swap Agreement that such entity has, had or may have against any Released Party or any employees, agents or partners of the Debtors (which release will be in addition to the discharge of Claims provided in the Plan and under the Confirmation Order and the Bankruptcy Code), except with respect to any obligations arising under the Plan, the Amended and Restated Credit Agreement, the "Loan Documents" (as defined in the Amended and Restated Credit Agreement), a Secured Swap Agreement subject to an Interest Rate Hedge Waiver (and only to the extent provided in such Interest Rate Hedge Waiver), or as a result of any act, event, injury, omission, transaction, or agreement arising after the Effective Date (other than Liabilities relating to such act, event, injury, omission, transaction or agreement first arising or occurring prior to the Effective Date); provided, however, that the foregoing provisions will have no effect on the

liability of any entity that would otherwise result from any unknown act as of the Effective Date, to the extent that such act is determined in a Final Order to have constituted willful misconduct.

7. **Injunctions.**

a. **Injunctions Related to Releases.** The Confirmation Order permanently enjoins the commencement or prosecution by any entity or Person, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, liabilities, rights of contribution or rights of indemnification released pursuant to the Plan, including pursuant to the releases in Section 3.5.3 of the Plan.

b. **Other Injunctions.** As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all entities and Persons that have held, currently hold or may hold any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are discharged or released are permanently enjoined from taking any of the following enforcement actions against the Debtors, the Reorganized Debtors or any of their respective property on account of any such discharged or released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to any Debtor or Reorganized Debtor; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

c. **Exculpation.** From and after the Effective Date, the Released Parties, the Debtors and Reorganized Debtors, and any employees, agents or partners of the Debtors, will neither have nor incur any liability to any entity, and no holder of a Claim or Interest, no other party in interest and none of their respective Representatives, shall have any right of action against any Debtor, Reorganized Debtor, any employee, agents or partners of the Debtors or Released Party, for any act taken or omitted to be taken in connection with, related to or arising out of the Chapter 11 Cases or the consideration, formulation, preparation, dissemination, implementation, confirmation or consummation of the Plan, the exhibits to the Plan, the Disclosure Statement, any transaction proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken, in connection therewith; provided, however, that the foregoing provisions will have no effect on: (a) the liability of any entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan; or (b) the liability of any entity that would otherwise result from any such act or omission to the extent that such act or omission is determined in Final Order to have constituted willful misconduct or gross negligence.

[The remainder of this page is intentionally blank]

Dated: March 10, 2010
     New York, New York                    Respectfully submitted,

                                                     /s/ Lisa G. Laukitis
                                                   Lisa G. Laukitis
                                                 JONES DAY
                                                 222 East 41st Street
                                                 New York, New York 10017
                                                 Telephone: (212) 326-3939
                                                 Facsimile: (212) 755-7306

                                                 - and -

                                                 Brad B. Erens
                                                 Robert E. Krebs
                                                 David A. Hall
                                                 JONES DAY
                                                 77 West Wacker
                                                 Chicago, Illinois 60601
                                                 Telephone: (312) 782-3939
                                                 Facsimile: (312) 782-8585

                                                 ATTORNEYS FOR DEBTORS